UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80488-CIV-MARRA/JOHNSON

CARL MAXWELL JOSEPH,

      Plaintiff,

vs.

STATE OF FLORIDA,

      Defendant.

_____/

## OPINION AND ORDER DISMISSING CASE

This cause is before the Court sua sponte.

On May 8, 2008,  Plaintiff Carl Maxwell Joseph ("Plaintiff"), proceeding pro se, filed his Complaint against Defendant State of Florida, seeking modification of Florida state court orders pertaining to Plaintiff's child support obligations [DE 1].

The Supreme Court has established that a court should afford a pro se litigant wide leeway in pleadings.  See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (holding allegations of a pro se complaint to a less stringent standard than formal pleadings drafted by lawyers).  However, this leniency does not give the court license to rewrite an otherwise deficient pleading in order to sustain an action.  GJR Investments, Inc., v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998).  Pro se litigants are required to meet certain essential burdens in their pleadings.  See Brown v. Crawford, 906 F.2d 667, 670 (11th Cir. 1990). One of these burdens is the establishment of subject matter jurisdiction.

"It is by now axiomatic that the inferior federal courts are courts of limited jurisdiction.

They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." University of So. Ala. v. American Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999). Subject-matter jurisdiction is a threshold inquiry that a court is required to consider before addressing the merits of any claim. See Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 292 F.3d 1334, 1336 (11th Cir. 2002); see also Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001) (raising federal jurisdiction issue sua sponte). Accordingly, the Court's subject matter jurisdiction may be raised sua sponte. See American Tobacco, 168 F.3d at 410.

A review of Plaintiff's Complaint shows that it does not state a federal claim, despite its citation to federal statutes and the United States Constitution. Indeed, Plaintiff's claim is a challenge of child support orders entered by Florida state courts. However, "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." Andenbrandt v. Richards, 504 U.S. 689, 703 (1992) quoting In re Burrus, 136 U.S. 586, 593-94 (1890). As such, federal courts lack jurisdiction to determine issues of child support. Id. at 703.

Furthermore, federal court jurisdiction is barred under the Rooker-Feldman doctrine. In the case of Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005), the Supreme Court explained that the Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review." Id. at 284-86; see Bates v. Harvey, 518 F.3d 1233, 1241 (11th Cir. 2008). Under the Rooker-Feldman abstention doctrine, "[i]t is

2

well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final

state court decision." <u>Harper v. Chase Manhattan Bank</u>, 138 F.App'x 130, 132 (11th Cir. 2005)

<u>citing</u> <u>Dale v. Moore</u>, 121 F.3d 624, 626 (11th Cir.1997).  Here, Plaintiff seeks relief from child

support orders and requests his "day in court in Palm Beach county for child support. " In so

doing, Plaintiff runs afoul of the <u>Rooker-Feldman</u> doctrine.

      Lastly, Plaintiff seeks monetary damages against the State of Florida for violation of his

civil rights and for mental anguish.  This claim, however, is barred under the Eleventh

Amendment to the United States Constitution.  <u>Will v. Michigan Dep't of State Police</u>, 491 U.S.

58, 64 (1989); <u>Edwards v. Wallace Community College</u>, 49 F.3d 1517, 1524 (11th Cir.1995).

Absent waiver or express congressional abrogation, neither of which is present in this case, the

Eleventh Amendment prohibits a damages suit brought by a private individual against a state in

federal court.  <u>Kentucky v. Graham</u>, 473 U.S. 159, 167 n.14 (1985) (a state cannot be sued

directly in its own name regardless of the relief sought unless a state has waived its Eleventh

Amendment immunity or Congress has overridden it).

      Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Complaint is

**DISMISSED**.  The Clerk shall close this case and all pending motions are denied as moot.

      **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 9th day of May 2008.

                                                 KENNETH A. MARRA
                                                 United States District Judge